**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

```
ANGEL ZAMORA CRUZ-DIAZ,            *
     Petitioner,                   *
                                   *
                                   *
          v.                       *
                                   *     CIVIL NO. 13-1892(PG)
                                   *     REL. CRIM. 06-087 (PG)
UNITED STATES OF AMERICA,          *
     Respondent.                   *
_____
```

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. As well as the Government's Response (D.E. 3). For the reasons discussed below, the Court finds the Petition shall be **DENIED**.

**I. BACKGROUND**

On February 26, 2007, Petitioner Angel Zamora Cruz-Diaz (hereinafter "Cruz-Diaz" or "Petitioner") was sentenced to a total term of imprisonment of one hundred and eighty three (183) months. Petitioner had previously been found guilty by a jury for violations to 18 U.S.C. Sec. 371, 18 U.S.C. Sec. 2113(a),(d) and 18 U.S.C. Sec. 924(c)(1)(A), (Crim. D.E. 61, 75 and 76)[2]. Judgment was entered on March 7, 2007, (Crim. D. E. 76). On March 8, 2007, Cruz-Diaz filed a Notice of Appeal (Crim. D.E. 79). On December 18, 2008, the First Circuit Court of Appeals affirmed Petitioner's conviction and sentence[3] (Crim. D.E. 104). Petitioner filed for a writ of certiorari

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim. D.E. is an abbreviation for criminal docket entry.

[3] United States v. Cruz-Diaz, 550 F.3d 169 (1st Cir.2008).

Civil No. 13-1892(PG)                                                    Page 2

and the same was denied by the Supreme Court on April 24, 2009.[4] Therefore, Cruz-Diaz's sentence became final on April 24, 2009, and as of this date Petitioner had one year to timely file his Section 2255 Petition.

Cruz-Diaz signed and dated his Petition on November 21, 2013, (D.E. 1 at p. 13) and as such, the same is untimely.

**II. DISCUSSION**

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), went into effect on April 24, 1996. AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal habeas relief. Congress intended that AEDPA be applied to all section 2255 petitions filed after its effective date. See Pratt v. United States, 129 F.3d 54, 58 (1st Cir.1997).

In the case at hand, the one (1) year statute of limitations for the filing of a Section 2255 motion began to run when the Supreme Court of the United States denied Cruz-Diaz's petition for certiorari on April 24, 2009. Therefore, Petitioner had until April 24, 2010 to timely file his section 2255 petition. However, Cruz-Diaz did not sign his petition until November 21, 2013[5], which is over three (3) years after the one year statute of limitations had expired. Hence the same is time barred.

---

[4] Cruz-Diaz v. United States, 556 U.S. 1200 (2009).

[5] In computing the one year statute of limitations, the Court has used the date that most benefits Petitioner.

Petitioner would, nonetheless, wish for this Court to entertain his petition based on Cruz-Diaz's assumption that the holdings of the Supreme Court in Alleyne v. United States, 133 S.Ct. 2151 (June 17, 2013), apply retroactively to his case[6].

The Court notes that neither the Supreme Court nor the First Circuit Court of Appeals has explicitly provided an answer to this lingering question: the possible retroactive application of Alleyne in collateral proceedings. The First Circuit Court has described Alleyne as an extension of the *Apprendi* doctrine. See United States v. Harakaly, 734 F.3d. 88 (1st Cir.2013). It has been settled that *Apprendi* does not apply retroactively to cases on collateral review. See Sepulveda v. United States, 330 F.3d 55 (1st Cir.2003). The logical conclusion would thus be that Alleyne should, like Apprendi, not be retroactively applicable to cases on collateral review.

**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner Angel Zamora Cruz-Diaz is not entitled to federal habeas relief on the claim presented due to the fact that the same is time barred. Accordingly, it is ordered that Petitioner Angel Zamora Cruz-Diaz's request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.1) is **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE**.

---

[6] The Court in Alleyne "held that the Sixth Amendment right to trial by jury requires that the *Apprendi* doctrine applies equally to facts that increase a mandatory minimum sentence." United States v. Harakaly, 734, F.3d 88, 94 (1st Cir. 2013). Therefore, the decision in Alleyne extends the *Apprendi* rule by applying it to any fact that increases the mandatory minimum sentence and, in general, requires that such facts "must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S.Ct. at 2163.

**IV. CERTIFICATE OF APPEALABILTY**

For the reasons previously stated, the Court hereby denies Petitioner's request for relief pursuant to 28 U.S. C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th of July 2014.

                                        **S/JUAN M. PEREZ-GIMENEZ**
                                        **SENIOR UNITED STATES DISTRICT JUDGE**